UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| COREY ALAN BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-197-TAV-DCP |
| | ) | |
| RIVERBEND MAXIMUM | ) | |
| SECURITY PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This pro se state prisoner's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was transferred to this Court by the United States District Court for the Middle District of Tennessee, which also granted Petitioner leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, no answer will be required, and this petition will be **DISMISSED**.

In his petition, filed March 16, 2015,[1] Petitioner states that he is challenging the legality of his confinement pursuant to his October 12, 2012, state court convictions from the Criminal Court for Knox County, Tennessee, for two counts of attempted especially aggravated sexual exploitation of a minor [Doc. 1 p. 1]. Petitioner, however, sets forth no claims for relief under § 2254 in his petition.

Further, prior to filing this action, on December 22, 2014, Petitioner had provided prison officials with a § 2254 petition challenging the same convictions, and that action was originally filed in the Western District of Tennessee before it was transferred to this Court.

---

[1] Plaintiff's petition was received by the prison mailroom on March 16, 2015 [Doc. 1-1 p. 1]. Accordingly, that is the date this action is deemed filed under the prisoner mailbox rule. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

*See Bennett v. Slatery,* No. 3:16-CV-385-THP-HBG, Doc. 1-1 p. 1 (E.D. Tenn., filed Nov. 14, 2016). That petition remains pending before the Honorable Thomas W. Phillips. Unlike the present petition which lacks any substantive claims, however, the petition in Civil Case Number 3:16-CV-385 contains one ground for relief.[2] Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

> With respect to duplicative suits, the Sixth Circuit has stated that
>> "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original).

Accordingly, this Court will **DISMISS** this § 2254 petition **without prejudice**. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions).

The Court will not issue a certificate of appealability because Petitioner has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid

---

[2] Also, approximately two months before filing the petition in this case, Petitioner filed another § 2254 petition in the Middle District of Tennessee that was transferred to this Court. *See Bennett v. Slatery*, No. 3:15-CV-198 (E.D. Tenn., filed December 30, 2015). This § 2254 petition likewise lacks any claims for relief. Accordingly, this Court is entering a substantively identical order in that case as well.

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

Finally, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE